May 1, 2015

FILED
MAY 04 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK

Vivian Long

7th Court of Appeals - Clerk

P.O. Box 9540

Amarillo, Tx. 79105-9540

Re: Case Nos: 07-15-00164-CV, 07-15-00165-CV, 07-15-00166-CV

Trial Case Nos: 8460-B, 8461-B, 19,154-B

Style: Danny Shead v. The State of Texas

Dear Clerk:

Please find my Appellant's Briefs for Nunc Pro Tunc Order To Withdraw Funds, total (3) for the cause numbers referenced above as directed by the Court on or before Wednesday May 20, 2015 in compliance with the requirements of Rule 38.1 of the Texas Rules of Appellate Procedure. Please bring to the Attention of the Court.

In addition, in a separate envelope please find my Appellant's (3) Briefs for Order To Withdraw Inmate Funds, Both certified May 1, 2015 in context of Appellant's Briefs.

Danny Shead #1484832
Tulia Transfer Facility
4000 Hwy 86 West
Tulia, TX. 79088.

Thank you,

Danny Shead

Appellant-pro se

In The

Court of Appeals

Seventh District of Texas at Amarillo

FILED
MAY 04 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK

No. 07-15-00164-CV

No. 07-15-00165-CV

No. 07-15-00166-CV

IN RE DANNY LEE SHEAD, APPELLANT

Original Proceeding Arising from the 181st District Court

Randall County, Texas

Trial Court No. 8460-B, 19,154-B, and 8461-B; Honorable John B. Board Presiding

No. 07-15-00164

DANNY LEE SHEAD,

Appellant

V.

THE STATE OF TEXAS,

Appellee

## Names of All Parties

JUDGE PRESIDING:

HONORABLE John B. Board

181st Judicial District Court

501 S. Fillmore, Suite 3B

Amarillo, Texas 79101

JAMES A. FARREN

Criminal District Attorney

2309 Russell Long Blvd. ste 110

Canyon, Texas. 79015

Harry Ingram

Randall County Domestic Relations

4111 S. Georgia St.

Amarillo, Texas. 79109

APPELLANT:

DANNY LEE SHEAD

TDCJ-ID #1484832

Tulia Transfer Facility

4000 HWY 86 West

Tulia, TX. 79088

JO CARTER

Randall County District Clerk

2309 Russell Long Blvd. ste 110

Canyon, Texas. 79015

I.

# Table of Contents

Names of All Parties . . . . . . . . . . . . . . . . . I.

Table of Contents . . . . . . . . . . . . . . . . . II.

Index of Authorities . . . . . . . . . . . . . . . . III.

Appellant's Brief . . . . . . . . . . . . . . . . . . 1-17

Statement of The Case . . . . . . . . . . . . . . . 2

Statement Regarding Oral Argument . . . . . . . . . 3

Issues Presented . . . . . . . . . . . . . . . . . . 4

Statement of Fact . . . . . . . . . . . . . . . . . 5-6

Summary of Argument . . . . . . . . . . . . . . . . 7

Argument . . . . . . . . . . . . . . . . . . . . . . 8-14

Prayer . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Service . . . . . . . . . . . . . . . 16

Inmate Declaration . . . . . . . . . . . . . . . . . 16

Appendix . . . . . . . . . . . . . . . . . . . . . . 17

# Index of Authorities

1. Abdullah v. State 211 S.W. 3d 938 (Tex. App. - Texarkana 2007) pages 9, 10, 13

2. Banner v. State 724 S.W. 2d 81 (Tex. Crim. App. 1987) page 11

3. Brewer v. Collins 857 S.W. 2d 819 (Tex. App. - Houston [1st District] 1993) page 9

4. Covarrubias v. Tex. Dept. of Crim. 52 S.W. 3d 318 (Tex. App. - Corpus Christi 2001) pg. 9

5. Crawford v. State 226 S.W. 3d 688 (Tex. App. - Waco 2007) page 10

6. Daniel v State 396 S.W. 3d 545 (Tex. Crim. App. - 2013) page 13

7. Dikeman v. Snell 490 S.W. 2d 183 (Supreme Court Texas 1973) page 10

8. In re. Keeling 227 S.W. 3d 391 (Tex. App. - Waco 2007) pages 9, 11, 13

9. Mayer v. State 309 S.W. 3d 552 (Tex. Crim. App. 2010) page 13

10. Mendoza v. Luke Fruia Investment Inc. 962 S.W. 2d 650 (Tex. App. - Corpus Christi) pg. 9

11. Tex. Code of Crim. P. § 26.05 (g) pages 4, 11, 13

12. Tex. Code of Crim. P. § 42.08 pages 8, 11

13. Tex. Code of Crim. P. § 42.12 pages 5, 8, 11

14. Tex. Gov't Code § 501.014(e) pages 5, 7, 8, 10, 11, 13, 15

15. Tex. Gov't Code § 508.150 pages 4, 11

16. Tex. R. CIV. P 306 a page 4

17. Tex. R. CIV. P 329b pages 4, 10

18. Tex. R. CIV. P 657-679, 661-663, 700 page 10

19. U.S.C.A Const. Amend. 14 pages 4, 9, 14

20. Vernon Ann. Tex. Const. Art 1 § 19 pages 4, 9, 14

21. V. T. C.A. CIV. P. & Rem. Code § 63.007 pages 9, 10

Case No. 07-15-00164-CV
Trial Court No. 8460-B

| | | |
|---|---|---|
| Danny Lee Shead, | § | In The |
| Appellant | § | |
| | § | |
| V. | § | Court of Appeals |
| | § | |
| The State of Texas, | § | Seventh District of Texas at Amarillo |
| Appellee | § | |

TO THE HONORABLE COURT OF APPEALS:

COMES NOW DANNY LEE SHEAD, Appellant in Cause No. 8460-B of the 181st Judicial District Court of Randall County, Texas, and submits this brief in the hearing, judgment and order of the Appellant, and in support thereof, would respectfully show as follows:

1.

## Statement of Case

This is a Civil Proceeding for funds withdrawn from Danny Lee Shead, appellant pro se Inmate's Account. The presiding 181st District Judge, The Honorable Judge Board signed Order To Withdraw Inmate Funds arising from appellant's trial Cause number and Judgment. As relief appellant Contested the Order by Motion To Rescind and Return All Monies Garnished Back To Inmate Account. The 181st District Judge presiding, Judge Board denied Motion To Rescind Order To Withdraw Inmate Funds. Thank you

Respectfully Submitted.
Danny Shead, appellant pro se

2.

## Statement Regarding Oral Argument

Honorable Justices:

Danny Lee Shead, appellant pro se, does not believe an oral argument is needed in these proceedings due to the written argument included in Appellant's pro se Brief covering every contention made with appropriate citations to authorities and to the appendix or record. Appellant believes the nature of these proceedings would be an inconvenience to The State and Appellant in having appellant bench warranted to Randall County, Tx. Appellant prays The Court accepts appellant's statement as true and correct excepting The Brief's Written Argument as sufficient in these proceedings.

Respectfully,

*Danny Lee Shead*

Appellant *pro se*

3.

# Issues Presented

GROUND ONE: Deprivation of Property without Procedural Due Process in violation of The United States and Texas Constitution. **U.S.C.A.** Const. Amend 14; V.T.C.A Art 1 § 19

GROUND TWO: Dimissing or Modifying Order without Procedural Due Process Violating TEX. R. CIV. P. 306(a)(3) and 329 b

GROUND THREE: Deprivation of Property without Procedural Due Process in violation of Texas Gov't Code Ann. art. 508.150

GROUND FOUR: Inclusion of Attorney Fees in Violation of Texas Code of Criminal Procedure art. 26.05(g)

4.

## Statement of Facts

On June 6, 1994 appellant on plea agreement plead guilty to Cause Nos. 8460-B and Nolo Contendere to Cause No. 8461-B, sentenced to 10 years confinement in Texas Department of Criminal Justice with a $1,000 fine. Judgments were suspended under article 42.12 Tx. Code of Crim. P. and Ordered to pay costs of court as a condition of article 42.12 Tx. Code of Crim. P., Appellant waived his right to appeal. On April 1, 1996 Judgment Granting probation and Judgment Adjudicating Guilt were revoked in Cause Nos. 8460-B and 8461-B Turning appellant over to the custody of TDCJ-ID. Where appellant Unconditionally Discharged October 19, 2005.

On January 22, 2008 appellant was sentenced to 12 years confinement in TDCJ-ID. In May 2010 received Order To Withdraw Inmate Funds (pursuant To Tx. Gov't Code, sec 501.014(e)) signed February 25, 2010 with a balance of $1,529.50 included in the Order in Cause No. 8460-B and a balance of $1,109.50 included in the Order in Cause No. 8461-B. Appellant became aware of his inmate account being attached and zeroed out to pay the costs of court while appellant was serving 12 years in Cause No. 19,154-B. Through denied Institutional Grievance attempts appellant tried to regain garnished funds from Inmate Account. On July 11, 2012 appellant was released on parole in Cause No. 19,154-B and revoked January 16, 2014. On February 4, 2014 appellant reentered TDCJ-ID where he learned his inmate account was still attached garnishing further funds. Appellant questioned TDCJ Records/Inmate Account Office where appellant received a response in regards To Withdrawal Orders in June 2014. In August 2014 appellant Petitioned The 7th Court of Appeals for Writ of Mandamus believing he had no other remedy at Law to Compel The Honorable Judge Boards Signed Orders To Withdraw Inmate Funds. Mandamus was denied per curiam in case Nos: 07-14-00309-CV,

5.

07-14-00310-CV Quoting "Judge Board has no legal duty to perform at this time." Prior To filing Petition for Writ of Mandamus appellant filed Objection To Nunc Pro Tunc Order To Withdraw Funds and Return all Monies Garnished Back To Inmate In Cause Nos. 8460-B, 8461-B Signed by Judge Board in May 2014 to trial Court in July 2014. In September 2014, appellant filed Motion To Rescind Order To Withdraw Funds and Return all Monies Garnished Back To Inmate. After appellant's letters dated January 6 and February 17 of 2015 requesting a ruling on the Motions To Rescind Order To Withdraw Funds and Objections To Nunc Pro Tunc Order To Withdraw Funds appellant received actual Notice February 20, 2015 of Judgment denying Motion To Rescind Order To Withdraw Inmate Funds and Return all Monies Garnished Back To Inmate signed January 8, 2015 by Judge presiding, The Honorable Judge Board, 181st District Court. Appellant Perfected his Appeal in April 2015. Thank you

Respectfully Submitted,
Danny Shead - appellant prose

6.

## Summary of The Argument

This is a proceeding where a Supplemental Order was issued for the Withdrawal of Inmate Funds without procedural due process arising from Trial Court's Original Proceeding, 14 years after Final Judgment and 4 years after Appellant's unconditional discharge of States Trial case number. Appellant will show The Court how procedural grounds were not followed in the garnishment of Inmate Funds in The entry of Supplemental Order and included in The Bill of Costs itself, through appropriate citations to the record, authorities and appendix. In The Order you will find a balance that is included in the Order with attorney fees within The balance. The statutory basis for Order To Withdraw Inmate Funds is Govt Code sect. 501.014(e). However, it only operates under a Valid Order of The Court. In this proceeding, State's Supplemental Order is absent of being valid. Appellant seeks relief under procedural due process. Thank you.

Respectfully submitted,
Danny Shead, appellant pro se

7.

## Argument

Texas Government Code, Section 501.014(e) is the controlling statute for the garnishment of funds from Inmate Accounts to satisfy one kind of debt such as fines or court fees, however it can only operate under a Valid ORDER of the trial court. On June 6, 1994, appellant on plea agreement plead guilty to Cause No. 8460-B and Nola Contendere to Cause No. 8461-B in Randall Co. Texas Sentenced to 10 years confinement in Texas Department of Criminal Justice with a $1,000 fine. Judgments were suspended. (pursuant to Tex. C.C.P. art. 42.12) appellant waived his right to Appeal. On April 1, 1996 Final Judgment was entered revoking Judgment Granting Probation and Adjudicating Guilt, Turning appellant over to the custody of TDCJ-ID where Appellant Unconditionally Discharged October 19, 2005 (Tex. C.C.P. § 42.08; 42.12 §7.8) (See Appendix #14 Exhibit 6)

In addressing GROUND One, appellant shows the following: In May 2010 while doing a subsequent stay in TDCJ-ID in Cause No. 19,154-B appellant received Order To Withdraw Inmate Funds (pursuant to Tx. Gov't Code § 501.014(e)) (see Appendix #1) with a balance of $1,529.50 included in the ORDER without a Certified Bill of Costs attached. (see Appendix #11, #12 Exhibit 4) Signed February 25, 2010 by Judge Board, 181st District Presiding Judge in Cause No. 8460-B. And a balance of $1,109.50 included in the ORDER without a Certified Bill of Costs attached (see Appendix #11, #12 Exhibit 4) Signed also February 25, 2010 by Judge Board in Cause No. 8461-B. There were No Pleadings, No proper Writ of Garnishment, No notification or Warning prior to Entry of Supplemental Orders, fourteen (14) years after appellants Final Judgment date April 1, 1996 and five (5) years after appellant Unconditional Discharge date October 19, 2005. A prison inmate has property interest in his Inmate Account protected by Due Process clause U.S.C.A Const.

8.

Amend. 14, V.T.C.A. Texas Const. Art. 1 §19. Cf Covarrubias v. Tex. Dept. of Crim. Justice 52 S.W. 3d 318 (Tex. App. - Corpus Christi 2001) also cf. Brewer v. Collins 857 S.W. 2d 819 (Tex. App. - Houston [1st District] 1993 No Pet) Appellant possess property interest in his inmate account. Deprivation of Property without Due Process violates U.S.C.A Const. Amend 14, V.T.C.A Tex. Const. Art. 1 § 19 Cf. Abdullah v. State 211 S.W.3d. 941 (Tex. App. - Texarkana 2007) cf. also In Re, keeling 227 S.W.3d 391 (Tex. App. Waco 2007) An ORDER entered without Due Process is VOID. Appellant was not afforded Due process prior to the Entry of Order to Withdraw Funds. In Extraordinary Remedies for Garnishment, deprivation of property without due process is void. Cf, Abdullah 211 S.W. 938, The Opinion focusses correctly on procedural due process of such orders, analogizing them to a turn over and garnishment see id at 940-41 In similar posture Appellant Like Cf. Abdullah 211 S.w.3d 938 and cf. also In re keeling 227 S.w. 3d 391 was not afforded sufficient notice prior to State garnishing money from his inmate account. Civil Practice & Remedies Code §63.007, There were no garnishment procedure after appellant's Final Date of Judgment April 1, 1996 prior to Trial Court entering Supplemental Nunc Pro Tunc Order simply labeled "Order To Withdraw Inmate Funds". [6] "If a creditor intends to avail himself of the states aid in effecting a deprivation of property by means of garnishment he must strictly comply with the pertinent rules. [7] When creditor failes to give the defendant notice of the writ of garnishment the required rules are not followed, Trial Court errs by granting the writ. Cf Abdullah 211 S.W. 3d 938 cf also Mendoza v. Luke Fruia Inc. 962. S.w. 2d 650, 652. Tex. Civ. P. & Rem. Code. Sect. 63.007 is directly applicable to Inmate Accounts. There is nothing in Statute which would lead one to believe the withdrawal of Funds from an Inmate Account to Satisfy one kind of debt (such as fines or Court fees) would necessarily require less process than any of the

9.

other (6) six kinds of debts. Explicitly acknowledged by Tex. Civ. P. & Rem. Code § 63. 007, which allows a writ of Garnishment to be issued against an Inmate Account pursuant to Gov't Code § 501.014(e) Cf. Abdullah 211 S.W. 3d 938, 941- 943. The procedures to follow in any garnishment proceeding are set out in part VI Sect. 4 Tex. R. Civ. P. 657-679. Rule 661 provide a form for the writ to be used and sent to the garnishee. Rule 663a requires service of the writ on the defendant with specified contents explaining how to contest the writ and regain possession of the property. Trial Courts Supplemental Nunc Pro Tunc Order simply labeled "Order To withdraw Inmate Funds" is without specefied contents explaining how to contest the writ and regain possession of property. (see appendix #1 Order To withdraw Inmate Funds) Thus making it void.

   In addressing Ground Two: Appellant shows the following: A Trial Judge has no power to enter a Nunc Pro Tunc Judgment to Modify or Correct entered after Original Judgment had become final after Trial Court has lost jurisdiction of the case by operation in doing so violating Tex. R. Civ. P. 329b. Cf. Dikeman v. Snell 490 S.W. 2d 183 (Supreme Court 1973 of Texas) Even though Order To Withdraw Inmate Funds in Cause No. 8460-B and 8461-B are simply labeled "Order" they were executed as a Nunc Pro Tunc Judgment entered on a day after the time when it should have been entered. In Quoting Chief Justice Gray - Appeals Court Waco " I did not find any authority for the Court making Order to Modify the amount of Costs assessed against a defendant in a Judgment that was otherwise final" Justice Gray further states "After entry of the plea bargain, the entry of the Judgment based on that plea bargain and waiver of the right to Appeal that Judgment, the trial Judge has changed the Judgment" Cf. Crawford v. State 226 S.W. 3d 692. The amount in Cause No. 8460-B appears to be grossly excessive in Order To Withdraw Inmate Funds compared the The Judgment (see Clerks record in Cause 8460-B) Appellant

10

as a plea agreement plead guilty to Cause No. 8460-B and Nola Contendere to Cause No. 8461-B Judgments were Suspended pursuant to Tx. C.C.P § 42.12; appellant was ordered to pay Costs of Court as a Condition of Tx. C.C.P. §42.12 in the amount of $40 to probation and $25 toward Costs of Court per Cause No. In the following order: Costs, Fine, attorney fees. Appellants probation was revoked April 1, 1996. There were no other pleadings or hearings prior to Entry of Supplemental Nunc Pro Tunc Orders in February 2010. If a Judgment is Suspended and defendant placed on probation, the Judgment is discharged when the defendant successfully serves out the probated term or has his probation revoked and serves out the sentence imposed. Cf. Banner v. State 724 S.W.2d 81. Appellant Successfully unconditionally discharged October 19, 2005, thus further making Withdrawal Notification Order VOID.

In addressing GROUND Three: Appellant shows the following: A Cause No. in a Judgment Cease to Exist when the actual Calendar Time served by the inmate equals the sentence imposed by the Court. (Tex. Govt Code. § 508.150) Thus completing the Sentence (Tex. C.C.P § 42.08) by unconditionally discharging the sentence. Orders to withdraw Inmate Funds were entered after Final Judgment and five (5) years after Appellants Unconditional Discharge date of October 19, 2005. Cf. In re keeling 227 S.W.3d 391, 393-94 (Tex. App.-Waco 2007) Appellants due process claim of the entry of Supplemental Orders in Cause No. 8460-B and 8461-B goes beyond the keeling standard of review. Making The Withdrawal Orders VOID.

In addressing Ground Four: Appellant shows the following: Tx Govt Code 501.014(e) does not allow or authorize the collection of Attorney fees (pursuant to art. 26.05(g) Tx. C.C.P). In Cause No. 8460-B a balance of $1,529.50 is Included within the Order with Attorney Fees within the balance. State Not only Included Attorney Fees in the Balance without

11.

a 2010 Certified Bill of Costs attached (see Appendix #11, #12 Exhibit 4) State applied all garnished monies To Attorney fees. In appellant's Original Bill of Costs dated June 6, 1994 Basic fees total $84.50. Appellant made payment on 07-12-1994 receipt #48738 of $84.50 (see Appendix #8 Exhibit 2 financial Information) clearing Basic fees. Appellant made payment on 04-16-1996 receipt #53201 of $120.50 applied To Attorney fees prior to entry date February 25, 2010 of Withdrawal Order. Balance should be $0.00 on Cause 8460-B according To Judgment, However, A $1000 fine is assessed. making the balance for Fine only. (see Judgent in Clerks record Also Appendix #5 Original Bill of Costs) State Assessed $325.00 in Attorney fees To The Attorney fee balance remaining of $204.50 making The Withdrawal Order Balance $1,529.50 which is more Than appellant's Original Bill of Costs assessed in June 1994. (see Appendix #7 Exhibit 1 Disputed Bill of Costs also #5 Original Bill of Costs) There are No Monies garnished from 05-10-2010 To 05-07-2012 applied To Basic Cost or Fine all applied To Attorney Fees (see Appendix #6 Bill of Costs As of May 14, 2014) The Fine portions balance is $1000 clearly Showing Attorney fees were included within the balance, in Order To Withdraw Inmate Funds, Further making Order To Withdraw Inmate Funds VOID in Cause No. 8460-B. Likewise in Cause No. 8461-B The balance due of $1,109.50 included in the Order To Withdraw Inmate Funds within that balance State includes Attorney fees in doing so Applies all Monies garnished To Attorney fees also without a 2010 Certified Bill of Costs attached. In appellant's Original Bill of Costs dated June 6, 1994 Basic fees Total $84.50, Appellant made payment on 07-12-1995 receipt #48737 of $84.50 (see appendix #3 Exhibit 2 Financial Information) clearing Basic Fees. Appellant made payment on 04-16-1996 receipt #53200 of $115.50 applied To Attorney Fees prior To Entry date February 25, 2010 of Order To Withdraw Inmate Funds. Withdrawal Order's balance

12.

Should be $1000 for Fine only. (see appendix #5 Original Bill of Costs) State included the Attorney Fee balance of $109.50 to the $1000 Fine making the Balance $1,109.50 (see Appendix #7 Exhibit 1 Disputed Bill of Costs) Only $83.00 of garnished monies from 05-25-2010 to 05-07-2012 (see Appendix #6 Bill of Costs as of May 14, 2014) Clearly showing attorney fees were included within the balance in the Supplemental Order, Applying all monies garnished to Attorney Fees Further making Supplemental Order To Withdraw Inmate Funds VOID. in Cause No. 8461-B. Trial Court never made a finding that appellant was able to pay the Costs of Counsel representation after revoking appellant's probation. No such findings were made during the 14 years between entry of Judgment and Issuance of Bill of Costs in June 1994. There is No Basis for assessment of Attorney fees in the latter. Cf. Mayer v. State 309 S.W.3d 552, 556-557 also cf. Daniel v. State 396 SW3d 545 (Tex. Crim. App 2013) Moreover, Tx. Gov't Code § 501.014(e) does not authorize the Collection of attorney fees. Thus making Order To Withdraw Inmate Funds in Cause Nos. 8460-B and 8461-B VOID.

In Closing, The Erroneous Deprivation of Appellant's property through the procedures used in The Entry of Order To Withdraw Inmate Funds and violation of Art. 26.05(g) Tex. C.C.P. State failed To abide by any Civil Rule, Stature or procedure for Garnishment in Extraordinary Remedies and Circumstances as Such in Cause Nos. 8460-B and 8461-B. Similarily in posture to Cf. Abdullah 211 S.W.3d 938 (Tex. App. Texarkane 2007 No Pet) also cf. In re Keeling 227 S.W.3d 391 (Tex. App. Waco 2007 orig. proceeding) where State garnished funds under Tx. Gov't Code Sect. 501.014(e) But relief was later granted due to The Entry of Such Orders Simply labeled Order To Withdraw Inmate Funds, which did violate

13.

Interest protected by Due Process U.S.C.A Const. Amend. 14, V.T.C.A. Texas Const. Art. I § 19. Tex. Govt code sec. 501.014 (e) can only operate under a Valid ORDER. Order To Withdraw Inmate Funds in Cause No. 8460-B and Cause No. 8461-B simply put are VOID

Thank you.

Respectfully submitted,
Danny Shead, appellant pro se

14.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Danny Lee Shead, appellant pro se respectfully request a finding that the 181st District Judge did err in granting Withdrawal Order and that appellant brought this litigation in good faith. Appellant prays for the following relief: The Court of Appeals, Seventh District of Texas deem Order To Withdraw Inmate Funds (pursuant to Tx. Gov't Code, sec. 501.014(e)) VOID, REVERSING the Order in whole and order all garnished "Monies" returned to inmate account in Trial Cause Numbers: 8460-B, 8461-B, 19,154-B.

Respectfully submitted,
Danny Lee Shead, appellant pro se

15.

<u>Certificate of Service</u>

I hereby certify that a true copy of the foregoing Appellants Brief was mailed to:

Vivian Long - Clerk Court of Appeals
Seventh District of Texas
501 S. Fillmore, Suite 2-A
P.O. Box 9540
Amarillo, Tx. 79105 - 9540

on this <u>1st</u> day of May, 2015

<u>Danny Lee Shead</u>
Appellant pro se

<u>Inmate Declaration</u>

"I, Danny Lee Shead # 1484832, being presently incarcerated in the Texas Department of Criminal Justice, Tulia Transfer Facility in Swisher County, Tx. Declare under penalty of perjury that the facts stated above and in this Appellant's Brief are True and Correct. Executed on this <u>1st</u> day of May 2015. Danny J. Shead"

<u>Danny Lee Shead</u>
Appellant pro se

16.

## Appendix

**#**

1. Order To Withdraw Inmate Funds signed 2-25-2010

2. Nunc Pro Tunc Order To Withdraw Funds signed 5-22-2014, 7-7-2014

3. Order denying Defendants Objection To Nunc Pro Tunc Order and Motion To Rescind Order To Withdraw Inmate Funds Signed 1-8-2015

4. Defendant Letter To District Clerk requesting Judgment And Notice filed 2-17-2015

5. Bill of Costs (original) dated 6-6-1994, 1-25-2008

6. Bill of Costs Attached to Nunc Pro Tunc Order as of 5-14-2014

7. Appellants Disputed Bill of Costs Exhibit 1

8. Financial Information dated 6-20-2014 Exhibit 2

9. Defendant's Letter To District Clerk regarding: Bill of Cost/Transactions Filed 5-13-2014

10. Inmate Correspondence reply Filed 5-15-2014 Exhibit 3

11. Defendant's Letter To District Clerk regarding: 2010 Bill of Cost Filed 6-17-2014 Exhibit 4

12 Inmate Correspondence/reply Filed 6-20-2014 Exhibit 4

13 TDCJ Inmate Trust Fund Inquiry dated 5-2-2014 Exhibit 5

14. Discharge dates reply from Classification dated 7-4-2014 Exhibit 6

15. TDCJ Trust Fund Statement dated 2-28-2014 Exhibit 7

16. TDCJ Trust Fund statement dated 6-30-2014 Exhibit 8

17. TDCJ Trust Fund statement dated 7-31-2014 Exhibit 9

18. Items requested for Inclusion to Clerks Record Filed 3-12-2014 Exhibit 10

19. Petition for Mandamus Judgment signed 9-9-2014 Exhibit 11

20. Texas Department of Criminal Justice Commissary/Trust Fund stamped 6-14-2014 Exhibit 12

POSTED

CAUSE No. 008460B

| THE STATE OF TEXAS | § | IN THE 181ST DISTRICT |
| | § | COURT |
| VS. | § | |
| | § | |
| SHEAD, DANNY | § | RANDALL COUNTY, TEXAS |

## ORDER TO WITHDRAW INMATE FUNDS
(Pursuant to TX. GOV'T. CODE, Sec. 501.014 (e))

TO: DANNY SHEAD, TDCJ #01484832
INMATE TRUST ACCOUNT, TEXAS DEPARTMENT OF CRIMINAL JUSTICE
OFFICE OF GENERAL COUNSEL INMATE LITIGATION MANAGEMENT

GREETINGS:
The ABOVE named Texas Department of Criminal Justice Institutional Division inmate has incurred cost in the 181st District Court of Randall County, Texas as above entitled. Thereby, court costs, fines and fees have been incurred as represented in the certified Bill of Cost/Judgment attached hereto, with an outstanding balance due in the amount of $1,529.50.

You are hereby notified that payment is to be made out of the inmate trust account as follows:

(1) The total amount of court cost, fines and fees; or
(2) If there are insufficient funds in the account to pay these costs in full, then 20% of the preceding six months deposits in the inmates trust account.

In each month following in which the initial payment is made above, the inmate shall pay an amount equal to the lesser of:

(1) 10% of that month's deposit to the inmate trust account; or
(2) The total amount of fees that remains unpaid.

Payments are to continue until the total amount certified is paid, or the inmate is released from confinement.

Upon receipt of this Notice, the department (Inmate Trust Account) shall withdraw money from the account of the inmate, hold same in separate account, and shall forward said money to the Randall County District Clerk's Office on the earlier of the following dates:

(1) The date the total amount to be forwarded equals the total amount which remains unpaid; or
(2) The date the inmate is released.

THE COURT ORDERS THIS NOTICE, pursuant to the Texas Government Code, Chapter 501, Article 501.014 (e), on this _____ 2-25- 2009. 10

FEB 2 5 2010

_____
Presiding Judge



FILED
Jo Carter
District Clerk
Randall County, Texas

Cause No.8460B

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | |
| | § | RANDALL COUNTY, TEXAS |
| DANNY LEE SHEAD | § | |
| | § | |
| | § | 181st JUDICIAL DISTRICT |

## NUNC PRO TUNC ORDER TO WITHDRAW FUNDS

TO: INMATE TRUST ACCOUNT, TEXAS DEPARTMENT OF CRIMINAL JUSTICE
COPY TO: **DANNY LEE SHEAD** TDCJ #: **01484832**

GREETINGS:

THE ABOVE named Texas Department of Criminal Justice offender has of this date been assessed court costs, fees and/or fines and/or restitution in the 181st District Court of Randall County, Texas, in the above entitled cause in accordance with the sentence imposed as reflected in the judgment to which this Order is attached. The Court finds that the offender is unable to pay the court costs, fees and/or fines and/or restitution on this date and that the funds should be withdrawn from the offender's Inmate Trust Account. Court costs, fees and/or fines and/or restitution have been incurred in the amount of $1052.44.

THE COURT ORDERS that payment be made out of the offender's Inmate Trust Account as follows:
Pay an initial amount equal to the lesser of:
   (1)   15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01 and $500 inclusive, plus 50% of any portion of the account balance that is more than $500; or
   (2)   The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.
After the payment of the initial amount, the offender shall pay an amount equal to the lesser of:
   (1)   10% of each deposit in the offender's Inmate Trust Account; or
   (2)   The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.
Payments are to continue until the total amount of the court costs, fees and/or fines and/or restitution are paid, or the offender is released from confinement.

On receipt of a copy of this Judgment, the department (Inmate Trust Account) shall withdraw money from the trust account of the offender, hold same in a separate account, and shall forward said money to the Randall County District Clerk, 2309 Russell Long Blvd, Suite 220, Canyon, TX 79015 on the earlier of the following dates:

(1) Monthly
(2) The date the total amount to be forwarded equals the total amount which remains unpaid; or
(3) The date the offender is released.

You have the right to contest the amount ordered if you believe the total amount shown exceeds the total amount represented in the trial Court's Judgment attached to this order. The procedure for brining any discrepancy to the attention of the Trial Court is to file a motion with the District Clerk of Randall County, Texas, requesting the reconciliation of any discrepancy.

THE COURT ENTERS THIS ORDER as a part of the Judgment and Sentence of this Court and pursuant to Government Code, Section 501.014, on this _____ 2014.

_____
JUDGE PRESIDING          FILED

COPY  14 JUL -2 PM 2: 59 —
JO CARTER, DISTRICT CLERK
RANDALL COUNTY, TEXAS
_____,DEPUTY

Causes Numbers 8460-B; 84-61-B and 1,154-B

| STATE OF TEXAS | | IN THE DISTRICT COURT FOR |
| V. | | RANDALL COUNTY, TEXAS |
| DANNY LEE SHEAD | | 181st JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANT'S OBJECTION TO NUNC PRO TUNC ORDER TO WITHDRAW FUNDS AND MOTION TO RESCIND ORDER TO WITHDRAW INMATE FUNDS

IT IS ORDERED that the defendant's, Objection to Nunc Pro Tunc Order to Withdraw Funds is overruled and that defendant's Motion to Rescind Order to Withdraw Inmate Funds is denied.

SIGNED this ___ day of _____, 2015.

_____
JUDGE PRESIDING



ORDER                                        1

FILED

COPY   JAN 28 AM II: 25

JO CARTER DISTRICT CLERK
RANDALL COUNTY, TEXAS

_____ DEPUTY



2-13-2015

Jo Carter

Randall County District Clerk

2309 Russell Long Blvd. Ste 110

Canyon, Tx. 79015

Cause No. 8460B, 8461B, 019154B   State of Texas v. Danny Shead

In Re: Objection To Nunc Pro Tunc Order To Withdraw Funds and
Motion To Rescind Order To Withdraw Inmate Funds filed
July 18, 2014 and September 16, 2014 in the above cause Nos.

Dear Clerk: Defendant in the above referenced cause Numbers did file
said Motions to your office to be brought to the attention of
the 181st court for a ruling by the Honorable John B. Board
challanging the Withdrawal Orders Against Defendant's TDCJ
Inmate Account. I would like the Court to rule on
said Motions for Final Judgment. I ask to have a copy of
the rulings for documentation. Please file and Bring
to the attention of the Court. Your cooperation is
appreciated.

Sincerely,

Danny Shead

Danny Shead

defendant, pro se

FILED

2015 FEB 17  AM 9:09

JO CARTER, DISTRICT CLERK
RANDALL COUNTY, TEXAS

_____ DEPUTY

cc: 7th Court of Appeals

LaQUITTA POLVADORE
District Clerk      <u>BILL OF COSTS</u>      Randall County
Canyon, Texas

THE STATE OF TEXAS      ‖      No. _8460-B_

vs.      ‖

_Danny Shead_      ‖      Date of Judgment _6-6-94_

Costs accrued in the above entitled cause to date:

| | |
|---|---|
| Clerk's Fees. . . . . . . . . . . . . . . . . . . . | .$40.00 |
| Criminal Justice Planning Fund. . . . . . . . . . . | . 20.00 |
| Compensation to Victims of Crime Fund . . . . . . . | . 20.00 |
| Law Enforcement Officers Training Fund. . . . . . . | . 1.50 |
| Judicial Training Fund. . . . . . . . . . . . . . . | . 1.00 |
| ~~Crime Stoppers Assistance Fund.~~ . . . . . . . . | ~~2.00~~ |
| Court Appointed Attorney Fee. . . . . . . . . . . . | .325⁰⁰ |
| Fine. . . . . . . . . . . . . . . . . . . . . . . . | .1000⁰⁰ |
| Other:_____ . . . . . . . . . ._____ | |
| _____ . . . . . . . . ._____ | |
| _____ . . . . . . . . ._____ | |

TOTAL COSTS DUE . . . . . . . . . . . . . . . . . . $_1409.50_

THE STATE OF TEXAS  ‖  I hereby certify the above to be a correct
account of the cost chargeable in the above
COUNTY OF RANDALL  ‖  entitled and numbered cause to this date.

Given under my hand and seal of office, at Canyon, Texas, this

_6th_ day of ____June____, 19_94_.

LaQUITTA POLVADORE
District Clerk

By: ___Waltine Tucek___, Deputy

CERTIFIED TRUE AND CORRECT COPY
The above and foregoing is a full, true and correct
photographic copy of the original on file and of
record in my office, containing _1_ pages.
ATTEST: _June 10, 2014_.
Jo Carter, District Clerk
Randall County, Texas
By:_____ Deputy

# BILL OF COSTS

THE STATE OF TEXAS
VS
DANNY LEE SHEAD

][
][
][

No. 8460B

Date of Judgment:
04/01/1996

Costs accrued in the above entitled cause to date:

| Court Cost(basic fees) | FEES | ASSESS | PAID | DUE |
|---|---|---|---|---|
| Crime Victims Compensation Act----------$ 20.00 | | $20.00 | $20.00 | $0.00 |
| Criminal Justice Planning Fund---------$ 20.00 | | $20.00 | $20.00 | $0.00 |
| Judicial & Court Personnel Training-----$ 1.00 | | $1.00 | $1.00 | $0.00 |
| Crime Stopper Assistance----------------$ 2.00 | | $2.00 | $2.00 | $0.00 |
| Law Enforcement Officers Continuing Education----------------------------------$ 1.50 | | $1.50 | $1.50 | $0.00 |
| District Clerk Filing-------------------$ 40.00 | | $40.00 | $40.00 | $0.00 |
| Record Management-----------------------$ 25.00 | | $ | $ | $ |
| Courthouse Security---------------------$ 5.00 | | $ | $ | $ |
| Commitment------------------------------$ 5.00 | | $ | $ | $ |
| Technology -----------------------------$ 4.00 | | $ | $ | $ |
| Subtotal | | $84.50 | $84.50 | $0.00 |
| **Fees by offense and services performed** | | | | |
| Peace Officer- warrant (original case)-- $ 35.00 | | $35.00 | $24.12 | $10.88 |
| Peace Officer- warrant (motion to revoke)$ 35.00 | | $35.00 | $0.00 | $35.00 |
| Sheriff Transport--------------------- $per bill | | $ | $ | $ |
| State Child Attendant(abuse)------------$ 100.00 | | $ | $ | $ |
| State DNA-------------------------------$ 250.00 | | $ | $ | $ |
| State DNA (should be ordered)-----------$ 34.00 | | $ | $ | $ |
| State DNA (in order-pub/lew,ind.exp)----$ 50.00 | | $ | $ | $ |
| Drug Court(Offense 49PC&49.02&.031)-----$ 60.00 | | $ | $ | $ |
| Bond Approval---------------------------$ 10.00 | | $10.00 | $3.44 | $6.56 |
| EMS (offense 49.04&09)------------------$ 100.00 | | $ | $ | $ |
| Breath Alcohol(offense ch.49 exc/class C)----- $ 22.50 | | $ | $ | $ |
| Juvenile Delinquency Prev.(offense 28.08)--$ 50.00 | | $ | $ | $ |
| Video (offenses under 49.04)------------$ 15.00 | | $ | $ | $ |
| ST Traffic(enhance to Fel/Transp 545.066(a)(2))-$ 30.00 | | $ | $ | $ |
| County Court at Law---------------------$ 15.00 | | $ | $ | $ |
| Attorney fees paid while on probation---per order | | $325.00 | $305.50 | **** |
| Fine----------------------------------$ per Order | | $1000.00 | $0.00 | $1000.00 |
| TOTAL | | $1489.50 | $417.56 | $1052.44 |

****Attorney fees are not assessed until the court finds the defendant able to pay; pursuant to 26.05(g) TX Code of Criminal Procedure.

THE STATE OF TEXAS   [] I hereby certify the above to be a correct account of the cost
COUNTY OF RANDALL [] chargeable in the above entitled and numbered cause to this date

Given under my hand and seal of office, at Canyon, Texas, on this the 14th day of May, 2014.

 **COPY**

JO CARTER
DISTRICT CLERK
By: _Donna Briscoe, Deputy_

***NOTE _other fees may be applied at a later date_*** Upon this office reviewing the Judgment, Probation Order, Order Deferring Judgment and Order to Pay Court Appointed Attorney. By statue other fees may apply.

# Exhibit 1

## Disputed Bill of Costs

### 1. Costs Prior To Order To Withdraw Inmate Funds

| Court Costs | Assess | Paid | Due |
|---|---|---|---|
| Basic fees | $84.50 | $84.50 | $0 |
| Court Appointed Attorney fees | $325.00 | $120.50 | $204.50 |
| Fine | $1,000.00 | $0 | $1,000.00 |
| Total Due | ($1,409.50) | $205.00 | $1,204.50 |

| Payments Made | Receipt | Paid | Applied To |
|---|---|---|---|
| 7-12-1995 | #48738 | $84.50 | Basic fees |
| 4-16-1996 | #53201 | $120.50 | Court Appointed Attorney fees |

(While on Probation)

### 2. Cost After Order To Withdraw Inmate Funds

| Court Costs | Assess | Paid | Due |
|---|---|---|---|
| Court Appointed Attorney fees | $0 | $120.50 | $204.50 |
| Fine | $1,000.00 | $0 | $1,000.00 |
| Court Appointed Attorney fees | $325.00 | $185.00 | $325.00 |
| Total Due | $1,325.00 | $305.50 | ($1,529.50) |

| Garnished Payments Made | Receipt | Total Paid | Applied To |
|---|---|---|---|
| 05-10-2010 To 05-07-2012 (see Transactions) | | $185.00 | Court Appointed Attorney fees |
| 03-26-2014 | #2014-174132 | $27.56 | Fees by offense & service Performed |

### 3. Costs After Nunc Pro Tunc Order To Withdraw Funds

| Court Costs | Assess | Paid | Due |
|---|---|---|---|
| peace officer - Warrant (original case) | $35.00 | $24.12 | $10.88 |
| peace officer (Motion To revoke) | $35.00 | $0 | $35.00 |
| Bond Approval | $10.00 | $3.94 | $6.56 |
| Fine | $1,000.00 | $0 | $1,000.00 |
| Total Due | $1,080.00 | $27.56 | ($1,052.44) |

Exhibit 2

8460B

## FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| **Defendant SHEAD, DANNY LEE** | | | | |
| Total Financial Assessment | | | | 1,814.50 |
| Total Payments and Credits | | | | 417.56 |
| **Balance Due as of 06/20/2014** | | | | **1,396.94** |
| 04/23/1993 | Transaction Assessment | | | 40.00 |
| 04/23/1993 | Transaction Assessment | | | 20.00 |
| 04/23/1993 | Transaction Assessment | | | 20.00 |
| 04/23/1993 | Transaction Assessment | | | 1.50 |
| 04/23/1993 | Transaction Assessment | | | 1.00 |
| 04/23/1993 | Transaction Assessment | | | 2.00 |
| 06/06/1994 | Transaction Assessment | | | 1,000.00 |
| 07/12/1995 | Payment | Receipt # 48738 | SHEAD, DANNY LEE | (84.50) |
| 04/03/1996 | Transaction Assessment | | | 325.00 |
| 04/16/1996 | Payment | Receipt # 53201 | SHEAD, DANNY LEE | (120.50) |
| 05/10/2010 | Payment | Receipt # 48517 | SHEAD, DANNY LEE | (62.50) |
| 07/07/2010 | Payment | Receipt # 50179 | SHEAD, DANNY LEE | (17.50) |
| 07/07/2010 | Payment | Receipt # 50180 | SHEAD, DANNY LEE | (7.50) |
| 08/09/2010 | Payment | Receipt # 51467 | SHEAD, DANNY LEE | (7.50) |
| 10/11/2010 | Payment | Receipt # 53263 | SHEAD, DANNY LEE | (10.00) |
| 12/07/2010 | Payment | Receipt # 55196 | SHEAD, DANNY LEE | (2.50) |
| 01/11/2011 | Payment | Receipt # 56364 | SHEAD, DANNY LEE | (10.00) |
| 02/08/2011 | Payment | Receipt # 57373 | SHEAD, DANNY LEE | (12.50) |
| 04/11/2011 | Payment | Receipt # 59602 | SHEAD, DANNY LEE | (5.00) |
| 06/08/2011 | Payment | Receipt # 61672 | SHEAD, DANNY LEE | (5.00) |
| 09/08/2011 | Payment | Receipt # 64879 | SHEAD, DANNY LEE | (5.00) |
| 10/07/2011 | Payment | Receipt # 65983 | SHEAD, DANNY LEE | (7.50) |
| 11/08/2011 | Payment | Receipt # 67157 | SHEAD, DANNY LEE | (5.00) |
| 01/11/2012 | Payment | Receipt # 69423 | SHEAD, DANNY LEE | (5.00) |
| 02/08/2012 | Payment | Receipt # 70526 | SHEAD, DANNY LEE | (10.00) |
| 03/07/2012 | Payment | Receipt # 71631 | SHEAD, DANNY LEE | (7.50) |
| 05/07/2012 | Payment | Receipt # 73797 | SHEAD, DANNY LEE | (5.00) |
| 07/20/2012 | Transaction Assessment | | | 10.00 |
| 07/20/2012 | Transaction Assessment | | | 70.00 |
| 03/26/2014 | Payment | Receipt # 2014-174132 | SHEAD, DANNY LEE | (27.56) |

" Exhibit 3 "

INMATE CORRESPONDENCE REPLY – Govt. Code 552.028

TO: DANNY LEE SHEAD                         FROM JO CARTER
TDCJ NO. 1484832                            DISTRICT CLERK RANDALL CO.
4000 HWY 86 WEST                            2309 RUSSELL LONG BLVD, STE 110
TULIA, TEXAS 79088                          CANYON, TEXAS  79015

CAUSE NO. **8460B, 8461B, & 19154B**        **STATE OF TEXAS VS.  DANNY LEE SHEAD**

Dear DANNY LEE SHEAD,                        DATE:  May 15, 2014

(X)    Upon receipt of proper fee, the copies you requested will be prepared and mailed.
       Copies are $1.00 per page.  The cost for copies requested will be $13.00.
       **See Government code 552.028.(a) a governmental body is not required to accept or
       comply with a request for information for (1) an individual who is imprison or
       confined in a correctional facility;....**

(X)    We will need a court order to prepare the copies you requested at no charge to you.

( )    Contact the Court Reporter of the 181st District Court District Court to request a copy of
       the Statement Facts and fees.

( )    Your correspondence has been forwarded to the 181st District Court District Court Judge
       for consideration.

(X)    A copy of your correspondence is enclosed.

(X)    Other: Copies of your current bill of costs is enclosed.

All further correspondence should indicate the above cause number.

                                        Yours Truly,
                                        Jo Carter
                                        District Clerk Randall County

                                        _____, Deputy

Cc:
@TDCA2003

"Exhibit **3**"



5-13-14

To: 181 District Courts Coordinator - Ms. Carley Snider

Re: Danny Lee Shead's Original Court Costs/fines for cause Nos. 8460-B 8461-B (1999) with all Bill of Costs and Cause Nos. 19154-B court costs and fines (2007) with all Bill of costs. Including all Transactions paid up to date on all 3 cause numbers. Also Withdrawal Notification of Trust fund 200

Hello my name is Danny Lee Shead I am currently being held under the care of TDCJ here at the Tulia Transfer Facility in Tulia, Texas. I am requesting my Original Judgements in cause numbers 8460-B, 8461-B and 19154-B from 2007. Along with all Transactions paid from 1999 up to present dates on all 3 cause numbers. I also would like the Bill of costs from 1999 and the Bill of costs ordered in 2009 for cause Numbers 8460-B and 8461-B. In which I believe the original Bill of Costs for court/fines are different than the 2009 Withdrawal Notifications of inmate Trust funds presented to TDCJ and served to me while I was at the Stevenson Unit in Cuero, TX. in 2009. I would appreciate the courts help in obtaining the requested information.

Respectfully,
Danny Shead

Mr. Danny Lee Shead    #1484832

4000 Hwy 86 West

Tulia, Texas 79088

FILED
COPY 2014 MAY 14 PM 1:28

JO CARTER, DISTRICT CLERK
RANDALL COUNTY, TEXAS

DEPUTY

" Exhibit 4 "

INMATE CORRESPONDENCE REPLY – Govt. Code 552.028

FROM JO CARTER
DISTRICT CLERK RANDALL CO.
2309 RUSSELL LONG BLVD, STE 110
CANYON, TEXAS 79015

TO: DANNY LEE SHEAD
TDCJ NO. 1484832
4000 HWY 86 WEST
TULIA, TEXAS 79088

CAUSE NO. **8460B, 8461B, 19154B**      STATE OF TEXAS VS. DANNY LEE SHEAD

Dear DANNY LEE SHEAD,                                DATE: June 20, 2014

( )      Upon receipt of proper fee, the copies you requested will be prepared and mailed. Copies are $1.00 per page. The cost for copies requested will be $_____. See Government code 552.028.(a) **a governmental body is not required to accept or comply with a request for information for (1) an individual who is imprison or confined in a correctional facility;....**

( )      We will need a court order to prepare the copies you requested at no charge to you.

( )      Contact the Court Reporter of the 181st District Court District Court to request a copy of the Statement Facts and fees.

( )      Your correspondence has been forwarded to the 181st District Court District Court Judge for consideration.

(X)      A copy of your correspondence is enclosed.

(X)      Other: The District Clerk's Office does not have a copy of the 2010 Bill of Costs. You were sent what was in our file. Try contacting TDCJ to see if they have a copy of the 2010 Bill of Costs.

All further correspondence should indicate the above cause number.

Yours Truly,
Jo Carter
District Clerk Randall County

_____, Deputy

Cc:
@TDCA2003

"Exhibit 4"

June 15, 2014

To: 181 District Court coordinator

Re: Bill of Cost for Inmate Withdrawal Notification Order for cause Nos. 19154-B, 8460-B and 8461-B

Greetings my name is Danny Lee Shead. I have contacted your office previously and received some records of court. I am trying to understand exactly what is going on with my inmate account here in TDCJ. I sent payment to you for the original (copies) Bill of Cost in each cause listed above. However, I lack the Bill of costs you have on record with the date & seal that was ordered along with the Withdrawal Notification from year 2010. I am requesting only them three Bill of cost copies with the 2010 date & Seal stamp that was served to me in 2010. And if possible the total amount of money forwarded to you from TDCJ in 2012. I appreciate your cooperation in this matter.

Respectfully
Danny Lee Shead

Danny Lee Shead #1484832
Tulia Unit
4000 HWY 86 West
Tulia, Tx. 79088

FILED

COPY
20 JUN 17 PM 2: 35

O. CARTER, DISTRICT CLERK
RANDALL COUNTY, TEXAS

_____ DEPUTY

CSIMF150    T E X A S   D E P A R T M E N T   O F   C O R R E C T I O N S
          I N M A T E   T R U S T   F U N D   I N Q U I R Y
                    DATE:   05/02/14      TIME:   09:43:21

TDC NUMBER 01484832                    NAME SHEAD,DANNY LEE

UNIT N3                                RECEIVE/DEPARTURE CDE RK

TF BEG BAL      3.16                   TF END BAL        3.16

TF HOLD AMT     0.00                   TF STATUS CO

TF POSTAGE OWED    0.00                INDIGENT DATE 04/29/14

LAST TRANSACTION DATE 04/29/14         OLD TDC NUMBER 00746644

MEDICAL COPAY OWED     0.00            PLRA OWED  4,292.82


        PLEASE ENTER YOUR NEXT REQUEST _____
        OR                      SID NUM _____

Exhibit 6

EXHIBIT

**SUBJECT:** State briefly the problem on which you desire assistance.

Ms. Meyers - Classification Head : Can you please Tell me my exact discharge date for Cause Nos. 8460 B and 8461B under my # 746644 discharged TDCJ Number. I know it was in 2005 of October but I need the exact date of Record please.

Thank you
Inmate Shead

No: 1484832          Unit: N3

Name: Danny Shead          Work: 2nd Jan.Tor

Living Quarters: A-2

**DISPOSITION:** (Inmate will not write in this space)

8461-B = 10-19-05

8460 B = 10-19-05

I-60 (Rev. 11-90)

THE STATE OF TEXAS
TDCJ-ID

90,907

| | | |
|---|---|---|
| MEDICAL CO-PAY OWED: | .00 | LOCATION:DORM-3 013 UNIT: NE |
| FEDERAL COURT FEE OWED: | .00 | NAME:SHEAD, DANNY LEE |
| TEXAS COURT FEE/CHARGE OWED: | 4,292.82 | DATE:02/28/14   ACCOUNT NUMBER: 01484832 |
| INDIGENT SUP. OWED: .00   OTHER HOLD AMOUNT .00 | | BEGINNING BALANCE: .00 |

| 02/14 | ITEM/DESCRIPTION | | WITHDRAWALS | DEPOSITS | BALANCE |
|---|---|---|---|---|---|
| 14 | WU A SHEAD | | | 20.00 | 20.00 |
| 14 | PT 000200 000000COURTFEE | SB 008461 | 2.00 | | 18.00 |
| 14 | PT 000200 000000COURTFEE | SB 008460 | 2.00 | | 16.00 |
| 14 | PT 000200 000000COURTFEE | SB 019154 | 2.00 | | 14.00 |
| 18 | WU O SNEAD | | | 200.00 | 214.00 |
| 18 | PT 002000 000000COURTFEE | SB 008461 | 20.00 | | 194.00 |
| 18 | PT 002000 000000COURTFEE | SB 008460 | 20.00 | | 174.00 |
| 18 | PT 002000 000000COURTFEE | SB 019154 | 20.00 | | 154.00 |
| 19 | CA | | | 55.69 | 209.69 |
| 19 | PT 000556 000000COURTFEE | SB 008461 | 5.56 | | 204.13 |
| 19 | PT 000556 000000COURTFEE | SB 008460 | 5.56 | | 198.57 |
| 19 | PT 000556 000000COURTFEE | SB 019154 | 5.56 | | 193.01 |
| 20 | CM | | 40.54 | | 152.47 |

INMATE TRUST FUND ACCOUNTS ARE DEMAND , WILL NOT EARN ANY INTERE   WANT TO DEPOSIT EXCESS FUNDS IN A SAVINGS INSTITUTION OF YOUR CHOICE.

Exhibit 7

THE STATE OF TEXAS
TDCJ-ID

97,623 MEDICAL CO-PAY OWED: .00

FEDERAL COURT FEE OWED: .00

TEXAS COURT FEE/CHARGE OWED: 4,247.82

INDIGENT SUP. OWED: .00    OTHER HOLD AMOUNT .00

LOCATION: DORM A    002 UNIT: N3

NAME: SHEAD, DANNY LEE

DATE: 06/30/14    ACCOUNT NUMBER: 01484832

BEGINNING BALANCE: 56.72

| 06/14 | ITEM/DESCRIPTION | WITHDRAWALS | DEPOSITS | BALANCE |
|---|---|---|---|---|
| 09 | CM | 34.38 | | 22.34 |
| 16 | CM | 8.65 | | 13.69 |

IN... ...ST FUND ACCOUNTS ARE DEMAND ACCOUNTS. YOU WILL NOT EARN ANY INTEREST. YOU MAY WANT TO DEPOSIT EXCESS FUNDS IN A SAVINGS INSTITUTION OF YOUR CHOICE.

Exhibit 8

THE STATE OF TEXAS · TDCJ-ID

| 97,198 | MEDICAL CO-PAY OWED: | .00 | LOCATION: DORM A | 002 | UNIT: N3 |

FEDERAL COURT FEE OWED: .00

NAME: SHEAD, DANNY LEE

TEXAS COURT FEE/CHARGE OWED: 2,921.66

DATE: 07/31/14  ACCOUNT NUMBER: 01484832

INDIGENT SUP. OWED: .00    OTHER HOLD AMOUNT .00    BEGINNING BALANCE: 13.69

| 07/14 | ITEM/DESCRIPTION | | WITHDRAWALS | DEPOSITS | BALANCE |
|---|---|---|---|---|---|
| 02 | CM | | 11.16 | | 2.53 |
| 11 | CM | | 1.95 | | .58 |
| 14 | PT 000009 089991LHI5544 | SI 071414 | .09 | | .49 |
| 14 | PT 000007 096937LHI5544 | SI 071414 | .07 | | .42 |
| 14 | PT 000006 105238LHI5544 | SI 071414 | .06 | | .36 |
| 23 | WP WEB SALE J SHEAD | | | | .36 |
| 24 | AD 000000 130194COURTFEE | SD 033010 | | .00 | .36 |
| 24 | AD 000000 087444COURTFEE | SD 033010 | | .00 | .36 |
| 24 | AD 000000 207144COURTFEE | SD 033010 | | .00 | .36 |
| 24 | WS RECEIPT OF WEB SALE | | .00 | | .36 |

INMATE TRUST FUND IS A DEMAND ACCOUNT. YOU WILL NOT EARN ANY INTEREST. YOU MAY WANT TO DEPOSIT EXCESS FUNDS IN A SAVINGS INSTITUTION OF YOUR CHOICE.

Exhibit 9

Nunc Pro Tunc Order To Withdraw Funds attached on 7-14-14

ORDeR To Withdraw Inmate Funds was not dismissed.

Exhibit 10

March 4, 2015

To: Randall County District Clerk

Re: Appellate Record

Cause Nos: 8460-B, 8461-B, 19154-B STATE of TEXAS
                                                    v.
                                              Danny Shead

Greetings, my name is Danny Shead, defendant in the above styled and numbered causes. I am writing to request that you prepare, certify and include the following items in the appellate record for the Appellate Court. Thank you.

Danny Shead
Appellant pro se

ITEMS

1. Cause No. 8460-B Original Judgment/order         6-6-1994
2. Cause No 8461-B. Original Judgment/order         6-6-1994
3. Cause No. 19154-B Original Judgment/order        1-22-2008
4. Cause No 8460-B Original Bill of Cost            6-6-1994
5. Cause No. 8461-B Original Bill of Cost           6-6-1994
6. Cause No. 19154-B Original Bill of Cost          1-25-2008
7. Inmate correspondence to 181 Court Coordinator   5-13-14
8. Inmate Correspondence reply - gov't code 552.028  5-15
9. Cause No. 8460-B Financial Information Transactions
10. Cause No 8461-B Financial Information Transactions
11. Cause No. 19154-B Financial Information Transactions
12. Cause No. 8460-B Certificate of Unconditional Discharge  10-19-2005

FILED 2015 MAR 12 PM 4:12 JO CASTER, DISTRICT CLERK RANDALL COUNTY TEXAS DEPUTY COPY

## Items Continued

13  Cause No. 8461-B Certificate of Unconditional Discharge    10-19-2005

14  Inmate Correspondence To Clerk 181 Coordinator    6-15-2014

15  Inmate Correspondence reply govt code 552.028    6-20-2014

16  Order To Withdraw Inmate Funds  Cause No 8460-B    2-25-2010

17  Order To Withdraw Inmate Funds  cause No. 8461-B    2-25-2010

18  Order To Withdraw Inmate Funds  cause No. 19154-B    2-25-2010

19  Nunc Pro Tunc Order To Withdraw Funds No. 8460-B    5-22-2014

20  Nunc Pro Tunc Order To Withdraw Funds cause No 8461-B    5-22-2014

21  Nunc Pro Tunc Order To Withdraw Funds cause No. 19154-B    7-7-2014


I will appreciate the items above if they are not already
included in the Appellate Record.    Thank You

Sincerely,

Danny Shead
Appellant pro se


Danny Shead #1484832
Tulia Transfer Facility
4000 Hwy 86 West
Tulia, TX. 79088

Exhibit 11



## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-14-00309-CV
No. 07-14-00310-CV
No. 07-14-00311-CV

IN RE DANNY LEE SHEAD, RELATOR

Original Proceeding Arising from the 181st District Court
Randall County, Texas
Trial Court No. 8461-B, 19,154-B, and 8460-B; Honorable John B. Board, Presiding

September 9, 2014

### MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Danny Lee Shead, an inmate proceeding *pro se* and *in forma pauperis* seeks a writ of mandamus to compel the Honorable John B. Board to rescind three orders to withdraw funds entered in February 2010 in cause numbers 8460-B, 8461-B and 19,154-B and return all monies "garnished" without procedural due process. Relator also challenges assessment of attorney's fees in violation of article 26.05(g) of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). For the reasons expressed herein, we deny mandamus relief.

Exhibit 12                                    A02

N3/66

Danny L. Shead

P.O. Box 629 Huntsville, Texas 77342-0629

Brad Livingston
Exec.Director

**To:** #1484832

**Date:** JUN 1 2 2014

**From:** Inmate Trust Fund

**Subject:** State Court Cases

The __181__ District court of __Randall__ County has filed one or more cases against you for the court costs in your criminal trial(s). The Initial Partial Filing Fee (IPFF) is calculated by the computer based on your account balance at the time the order is entered. **The account can and will be zeroed out to pay this payment.** After that is withdrawn from your account, 10% of each deposit to your account will be collected for each court order filed until the total amount is paid in full.

You have __3__ case(s). The cause number and amount(s) are as follows:

| CASE# | TOTAL FEE | IPFF | PAID | BALANCE |
|---|---|---|---|---|
| 008460 B | 1529.50 | 80.00 | 227.56 | 1301.94 |
| 008461 B | 1109.50 | 80.00 | 235.06 | 874.44 |
| 019154 B | 2291.50 | 80.00 | 220.06 | 2071.44 |

If you have any questions, please feel free to contact the court. The Inmate Trust Fund can do nothing about the case except collect the costs as the courts have ordered. Any refund does not come from the Inmate Trust Fund, it will be coming from the court and takes a while to be put back into your account should it be warranted.

L. Clark
Inmate Trust Fund